**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BYJU'S ALPHA, INC., | ) | |
| | ) | Case No. 24-10140 (BLS) |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | |
| | ) | Adv. Pro. No. 25-50822 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCI LIMITED and | ) | |
| RUPIN BANKER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RUPIN BANKER'S OPENING BRIEF**
**IN SUPPORT OF HIS MOTION TO DISMISS**

WILKS LAW, LLC
David E. Wilks (Bar No. 2793)
D. Charles Vavala, III (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Tel: 302-225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

*Attorneys for Defendant Rupin Banker*

Dated:  September 5, 2025

**TABLE OF CONTENTS**

TABLE OF CITATIONS ............................................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................... 2

STATEMENT OF FACTS .......................................................................................................... 3

ARUGMENT   ............................................................................................................................. 4

    I.      The Complaint Fails to Establish Personal Jurisdiction ................................................. 5

    II.    The Court Lacks General Jurisdiction Over Banker ...................................................... 5

    III.   The Court Lacks Specific Jurisdiction Over Banker ...................................................... 6

CONCLUSION ......................................................................................................................... 11

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
  480 U.S. 102 (1987) ..................................................................................... 5, 10

*BP Chemicals Ltd. v. Formosa Chemical and Fibre Corp.*,
  229 F.3d 254 (3d Cir. 2000) ................................................................................ 9

*Brahney v. Pinnacle Credit Servs.*,
  2014 WL 4269127 (D.N.J. Aug. 29, 2014) ........................................................ 8

*Deutsche Bank AG v. Devon Park Bioventures, L.P.*,
  2021 WL 2711472 (Del. Ch. June 30, 2021)...................................................... 8

*Dunn v. Barney*,
  2024 WL 667366 (Bankr. D. Del. Feb. 16, 2024)....................................... 4, 5, 6

*Harvard Indus. v. Barrincorp Indus.*,
  173 B.R. 82 (Bankr. D. Del. 1994).................................................................... 5

*IMO Indus. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ............................................................................... 9

*In re Astropower Liquidating Tr.*,
  2006 WL 2850110 (Bankr. D. Del. Oct. 2, 2006) ....................................... 4, 5, 7

*In re DaimlerChrysler AG Secs. Litig.*,
  247 F. Supp. 2d 579 (D. Del. 2003) ............................................................... 7, 8

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*,
  2018 WL 4036412 (D. Del. Aug. 21, 2018)...................................................... 6

*In re Flabeg Solar US Corp.*,
  561 B.R. 364 (Bankr. W.D. Pa. 2016)............................................................... 5

*In re Gruppo Antico, Inc.*,
  2004 WL 5627185 (Bankr. D. Del. Dec. 1, 2004) ............................................ 8

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) .......................................................................................... 7

*Koch v. Pechota*,
  744 F. App'x 105 (3d Cir. 2018) ...................................................................... 6

*Kyko Global, Inc. v. Bhongir*,
   807 Fed. Appx. 148 (3d Cir. 2020)..................................................................................9

*Lasala v. Marfin Popular Bank Pub. Co.*,
   410 Fed. Appx. 474 (3d Cir. 2011)..................................................................................9

*Marten v. Godwin*,
   299 F.3d 290 (3d Cir. 2007) ............................................................................................9

*McCann v. Newman Irrevocable Tr.*,
   458 F.3d 281 (3d Cir. 2006) ............................................................................................6

*Overseas Partners v. PROGEN Musavirlik Ve Yonetim Hizmetleri, Ltd. Sikerti*,
   15 F. Supp. 2d 47 (D.D.C. 1998)......................................................................................8

*Ryan v. Union Mut. Fire Ins. Co.*,
   2011 WL 3666492 (E.D. Pa. Aug. 15, 2011) .................................................................10

*SPV Osus, Ltd. v. UBS AG*,
   882 F.3d 333 (2d Cir. 2018) ............................................................................................8

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984) ..............................................................................................5

*United States v. First Nat'l City Bank*,
   379 U.S. 378 (1965) .........................................................................................................5

*Walden v. Fiore*,
   571 U.S. 277 (2014) .........................................................................................................9

*World-Wide Volkswagen v. Woodson*,
   444 U.S. 286 (1980) .......................................................................................................10

**Rules**

Bankruptcy Procedure 7004(f)...............................................................................................6

Rule 12(b)(2) of the Federal Rules of Civil Procedure......................................................4, 5

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff initiated this case by filing its complaint on May 5, 2025.  Counsel entered an appearance for both Defendants on May 29, 2025 and the Court approved the parties' stipulations to two extensions of time for Defendants to respond to the complaint.  [D.I. 5 and 14]  In exchange for those extensions, Defendants agreed to waive challenges to sufficiency of service of process, but reserved their arguments that this Court lacks personal jurisdiction over them.

Counsel subsequently determined that each of the Defendants should have separate counsel and moved to withdraw as counsel to Defendant Rupin Banker ("Banker").  [D.I. 19]  The Court granted that motion on July 28, 2025 [D.I. 27]  The undersigned entered his appearance on behalf of Banker on August 28, 2025.  [D.I. 38]

Defendant OCI Limited ("OCI") moved to dismiss this matter for lack of personal jurisdiction or, in the alternative, for a stay in favor of arbitration on July 14, 2025.  [D.I 23] Briefing on that motion is complete and it is scheduled to be heard on September 22, 2025.

Plaintiff's counsel agreed to an extension of time for Banker to respond to the complaint until September 5, 2025.  Banker has moved to dismiss the complaint for lack of subject matter jurisdiction.  This is Banker's opening brief in support of that motion.

## SUMMARY OF ARGUMENT

1.      Banker is a resident of the United Kingdom.  The complaint contains only conclusory, non-specific allegations that this Court has personal jurisdiction over him.  Indeed, Banker has no contacts with the United States that avail himself of personal jurisdiction and none of the activities attributed to him in the complaint took place in the United States.  Accordingly, this Court lacks personal jurisdiction over Banker and the complaint should be dismissed.

**STATEMENT OF FACTS**

The complaint asserts four causes of action, only three of which are directed at Banker. All three of those counts claim that Banker aided and abetted breaches of fiduciary duties that Plaintiff alleges that others committed. Banker denies the complaint's factual allegations against him and respectfully submits that he has no liability to Plaintiff whatsoever. Should the Court determine that it has personal jurisdiction over Banker, he will vigorously defend this matter on the merits.

The Court does not, however, have jurisdiction over Banker. The complaint admits that Banker is a resident of the United Kingdom [D.I. 1 at ¶ 19] The complaint contains only three jurisdictional allegations specific to Banker: (1) that he contacted a Florida resident to locate an intermediary for a fund transfer; (2) that he negotiated documents governing a transfer transaction; and (3) "Defendant Rupin Banker is a structuring advisor and member of the senior leadership team of OCI, and, upon information and belief, he is a resident of London, United Kingdom." [*Id.* at ¶¶ 14 and 19] The complaint asserts without any factual basis or support that Banker is OCI's principal [*Id.* at ¶ 2], while also acknowledging that Oliver Chapman is OCI's sole shareholder [*Id.* at ¶ 72]. Banker is neither a principal, owner nor employee of OCI and has never been a member of its senior leadership team. Regardless, even if he were, the complaint is devoid of factual assertions that establish the Court's jurisdiction over either OCI[1] or Banker.

The complaint describes not a single act that Banker performed on American soil. Rather, all of Banker's alleged conduct described in the complaint only involve emails, telephone calls and text exchanges. [*Id.* at ¶¶ 60, 61 and 75] Those allegations and the reasons why they are

---

[1] OCI's Memorandum of Law in Support of its Motion to Dismiss [D.I. 24] sets forth in detail the reasons why this Court lacks personal jurisdiction over OCI. Banker incorporates by reference herein the facts and arguments set forth in OCI's Memorandum of Law.

3

inadequate to establish personal jurisdiction are presented in detail below.  In short, nothing in the complaint ties Banker or his activities to the United States in a jurisdictionally-relevant way. [2]

**ARGUMENT**

This Court lacks personal jurisdiction over Banker and Banker respectfully submits that it should dismiss this case under Rule 12(b)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  The standard on a motion to dismiss for lack of personal jurisdiction is well-established:

> In resolving a motion under Rule 12(b)(2), the court must accept as true the allegations in the complaint. The plaintiff, however, bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over the movant. To meet this burden, the plaintiff must offer facts which establish with reasonable particularity that jurisdiction exists.

*Dunn v. Barney*, 2024 WL 667366, at *3 (Bankr. D. Del. Feb. 16, 2024) (internal quotation marks and citations omitted).

"Once a defendant challenges personal jurisdiction under 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence." *Dunn*, 2024 WL 667366, at *3 (citations omitted).  "[T]he plaintiff must do more than submit written materials that create issues of material fact." *In re Astropower Liquidating Tr.*, 2006 WL 2850110, at *2 (Bankr. D. Del. Oct. 2, 2006) (citations omitted) ("[t]he overwhelming authority in the Third Circuit establishes that the Plaintiff has a burden of proving by concrete evidence and not merely the allegations in its complaint, that the [] Defendants have the minimum contacts necessary to

---

[2] The complaint devotes attention to impertinent allegations about Banker that it describes as his "sordid past." [*Id.* at ¶¶ 39-41]  None of those assertions, even if true, supports Plaintiff's substantive claims against Banker or the Court's personal jurisdiction over him.  They should, therefore, be ignored as the *ad hominem* surplusage that they are.

establish personal jurisdiction."); *see also Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("[P]laintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.").   Plaintiff is unable to do so. Therefore, the Court should dismiss the complaint pursuant to Rule 12(b)(2).

### I.   The Complaint Fails to Establish Personal Jurisdiction.

"In bankruptcy cases the forum is the United States in general, not the particular forum state." *Astropower*, 2006 WL 2850110, at *3 (citations omitted). However, "Bankruptcy Rule 7004 cannot eliminate the protection of due process." *Harvard Indus. v. Barrincorp Indus.*, 173 B.R. 82, 88 (Bankr. D. Del. 1994).   "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 115 (1987) (quoting *United States v. First Nat'l City Bank*, 379 U.S. 378, 404 (1965)).

"There are two types of personal jurisdiction – general and specific." *Dunn*, 2024 WL 667366, at *3.   A court that has general jurisdiction over a party may hear lawsuits arising from any transaction involving the party; as opposed to specific jurisdiction wherein the suit must be related to the defendant's contacts with the forum. *See id.*   Plaintiff fails to establish either general or specific jurisdiction over Banker.

### II.   The Court Lacks General Jurisdiction Over Banker.

"In order to establish general jurisdiction over a defendant, the extent of a defendant's affiliations must be so substantial as to render the defendant essentially at home in the applicable forum." *In re Flabeg Solar US Corp.*, 561 B.R. 364, 369 (Bankr. W.D. Pa. 2016) (citation omitted).   Paradigmatically, a court may exercise general jurisdiction over an individual where they have their domicile. *See Dunn*, 2024 WL 667366, at *3.   "The domicile is an individual's

'true, fixed, and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning.'" *Id.* (quoting *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *see also Koch v. Pechota*, 744 F. App'x 105, 110 (3d Cir. 2018). Individuals domiciled outside of the United States are not subject to general jurisdiction within the United States.  *See Dunn*, 2024 WL 667366, at *3.

Plaintiff makes no attempt to allege facts supporting an inference of general jurisdiction. Instead, Plaintiff admits that Mr. Banker is a resident of London, United Kingdom.  [D.I. 1 at ¶ 19]  Thus, Banker's domicile is in the United Kingdom and he cannot be subject to general jurisdiction within the United States.

### III.     The Court Lacks Specific Jurisdiction Over Banker.

In order for the Court to exercise personal jurisdiction, "the defendant must have purposefully directed its activities at the forum." *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 4036412, at *9 (D. Del. Aug. 21, 2018) (internal quotation marks and citations omitted). "Specific jurisdiction requires the Court to undertake a two-step analysis." *Dunn*, 2024 WL 667366, at *6.  "First, the defendant must submit to statutory jurisdiction." *Id.*  Without distinguishing between general or specific jurisdiction, Plaintiff makes a conclusory assertion that the Court has personal jurisdiction over both Defendants pursuant to Rule of Bankruptcy Procedure 7004(f).  [D.I. 1 at ¶ 13]  Rule 7004(f) permits jurisdiction where it is "consistent with the United States Constitution and laws" for bankruptcy cases or civil proceedings arising under the Code. Fed. R. Bankr. P. 7004(f).  Plaintiff makes no effort to establish how Banker has submitted to the Court's statutory jurisdiction.

Second, courts look to whether jurisdiction comports with due process requirements. "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he

6

be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Furthermore, the litigation must "result[] from [the] alleged injuries that arise out of or relate to" the defendant's contacts with the forum. *Astropower*, 2006 WL 2850110, at *3 (citations omitted).

Plaintiff's proposed bases for personal jurisdiction are:  (i) the Transfers allegedly resulting in the movement of the Alpha Funds from the United States to the United Kingdom; (ii) Banker's contacts with Brett Borgersen, a Florida resident; (iii) Banker and OCI's knowledge that key players were located in the United States; (iv) telephone calls, emails, video conferences and other communications with individuals residing in the United States about the Transfers; (v) OCI and Banker's negotiation of documents that allegedly governed the transactions; (vi) OCI -- not Banker -- allegedly obtaining possession of the Alpha Funds via transfers from U.S. banks; and (vii) the Debtor's injury being felt in the United States. *See* [D.I. at ¶ 14]  None of these proposed bases is adequate to establish specific jurisdiction over Mr. Banker.

Plaintiff makes the unfounded allegation that Banker is a member of OCI's senior leadership team, which is untrue.  But even if it were true, the Court lacks personal jurisdiction over OCI.  Moreover, such a status would not impose jurisdiction in any event, even if Banker were a member of the OCI board of directors -- which, of course, he is not even alleged to be. Delaware courts have found that "where a board member's only contact with the forum has been in the scope of his corporate capacity, the individual's contact is insufficient to support the exercise of personal jurisdiction." *In re DaimlerChrysler AG Secs. Litig.*, 247 F. Supp. 2d 579, 587 (D. Del. 2003).  "Although plaintiff has proffered evidence that [the individual defendant] traveled to the [forum], engaged in contract negotiations in the [forum], and ultimately signed a contract with

7

a substantial connection to the [forum], all these activities were apparently carried out on behalf of [corporate] defendant and cannot sustain personal jurisdiction." *Id.* (quoting *Overseas Partners v. PROGEN Musavirlik Ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998)). Here, just as in *DaimlerChrysler*, "Plaintiff[] [has] not proffered any evidence that [Banker] acted in an individual capacity and/or availed himself as an individual of the privileges of the United States, and . . . Plaintiff['s] attempt to suggest otherwise [is] beyond the actual evidence and any reasonable inferences to be drawn therefrom." *Id.* at 588; *see also Brahney v. Pinnacle Credit Servs.*, 2014 WL 4269127, at *4 (D.N.J. Aug. 29, 2014) (collecting authorities and holding "jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation"). On this basis alone, each of Plaintiff's asserted grounds for jurisdiction over Banker are unavailing.

Nonetheless, each proposed basis fails as a matter of law. Plaintiff argues that Banker is subject to jurisdiction in the United States based on OCI Limited allegedly accepting transfers from U.S. banks. Delaware precedent is not in accord with this assertion. Considering a defendant's receipt of payment from a plaintiff's United States bank as sufficient to allege minimum contacts with the forum would be an "absurdity." *See In re Gruppo Antico, Inc.*, 2004 WL 5627185, at *3 (Bankr. D. Del. Dec. 1, 2004) (finding defendant's acceptance of transfers from United States banks, sending of written offers to contract and making telephone calls to the United States failed to establish any substantial contacts with the forum). Other courts have also found that "a handful of communications and transfers of funds . . . are insufficient to allow the exercise of specific personal jurisdiction over the [] Defendants." *SPV Osus, Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018) (applying minimum contacts test and holding no jurisdiction over aiding-and-abetting claims); *see also Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2021

8

WL 2711472, at \*10 (Del. Ch. June 30, 2021) (finding that status as a party to a contract with a Delaware choice of law clause, receiving distributions from a Delaware entity, owning a Delaware bank account and having Delaware counsel to be insufficient contacts to justify exercising jurisdiction over foreign defendants). Plaintiff's first proposed basis therefore fails as a matter of law.

Plaintiff alleges that Banker is subject to jurisdiction in the United States based on his contacts and communications with persons and entities in the United States. *See* [D.I. 1 at ¶ 14] Not so. "[M]inimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and citations omitted). Furthermore, the Third Circuit has held that telephone calls and emails exchanged with a person residing in the forum is insufficient to show that the defendant specifically aimed their allegedly fraudulent conduct at the forum. *See Kyko Global, Inc. v. Bhongir*, 807 Fed. Appx. 148, 152 (3d Cir. 2020); *BP Chemicals Ltd. v. Formosa Chemical and Fibre Corp.*, 229 F.3d 254, 262 (3d Cir. 2000) ("[T]elephone calls between the defendant and the vendor, numbering at least one hundred . . . are insufficient, alone, to confer personal jurisdiction.").

Similarly, a plaintiff suffering harm within the forum, in and of itself, is insufficient to confer jurisdiction. *See IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998); *Lasala v. Marfin Popular Bank Pub. Co.*, 410 Fed. Appx. 474, 477 (3d Cir. 2011) ("the foreseeability of harm being suffered in a forum is insufficient to establish personal jurisdiction); *Marten v. Godwin*, 299 F.3d 290, 299 (3d Cir. 2007) (same). Banker is not alleged to have ever traveled to the United States nor did he purposefully direct any acts toward the United States. Any alleged harm Plaintiff suffered in the United States is, in and of itself, insufficient to establish jurisdiction over Banker.

Therefore, Banker does not have the requisite minimum contacts with the United States to subject him to jurisdiction.

If and only if a plaintiff meets its burden of establishing minimum contacts, "the burden shifts to the defendant to demonstrate that exercising jurisdiction would violate the principles of fair play and substantial justice." *Ryan v. Union Mut. Fire Ins. Co.*, 2011 WL 3666492, at *5 (E.D. Pa. Aug. 15, 2011). "The reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* (internal quotation marks and citations omitted) (alterations omitted). In determining whether exercising personal jurisdiction over a defendant is reasonable, the Supreme Court has analyzed: (i) the burden on the defendant; (ii) the interests of the forum states; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial systems interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several States in furthering fundamental substantive social policies. *See Asahi*, 480 U.S. at 116 (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980)). "The burden on the defendant of litigating in a foreign forum is of primary concern in determining the reasonableness of jurisdiction." *Ryan*, 2011 WL 3666492, at *6.

The complaint fails to establish Banker's minimum contacts with the United States. Therefore, the burden should not shift to Banker to establish the unfairness and injustice of exercising jurisdiction over him.. *See Ryan*, 2011 WL 3666492, at *5. Nonetheless, it would offend traditional notions of fair play and substantial justice to subject Banker to suit in Delaware. *See Asahi*, 480 U.S. at 116. The burden on Banker including travel costs, discovery obligations and legal fees in a nation with which he has no contacts would be substantial and manifestly unjust. The Supreme Court has noted that "[t]he unique burdens placed upon one who must defend oneself

10

in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. According the the Supreme Court's sliding scale, Plaintiff's minimal showing is far outweighed by the burden that overseas litigation would impose on Banker.

## **CONCLUSION**

Plaintiff has not met its burden to establish that the Court may exercise personal jurisdiction over Banker.  Banker is not subject to the Court's general or specific jurisdiction, and it will impose a substantial burden on Mr. Banker to subject him to it.  Therefore, Banker respectfully submits that this action should be dismissed.

Dated: September 5, 2025

WILKS LAW, LLC

*/s/ David E. Wilks*
David E. Wilks (Bar No. 2793)
D. Charles Vavala, III (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: 302-225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

*Counsel for Defendant Rupin Banker*

11