**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (BLS) |
| | ) |
| | ) Adv. Pro. Case No. 25-50822 (BLS) |
| BYJU'S ALPHA, INC., | ) |
| Plaintiff, | ) |
| | ) |
| GLAS TRUST COMPANY LLC, | ) |
| | ) |
| Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| OCI LIMITED and RUPIN BANKER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR AN ORDER**
**AUTHORIZING THE FILING UNDER SEAL OF DEBTOR'S AND GLAS TRUST**
**COMPANY LLC'S OPPOSITION TO RUPIN BANKER'S MOTION TO DISMISS**

Plaintiff BYJU's Alpha, Inc. ("Plaintiff") respectfully submits this motion (the "Motion")

for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Amended

Protective Order (defined below), (a) authorizing the Plaintiff to redact and file under

seal  the *Debtor's and GLAS Trust Company LLC's Opposition to Rupin Banker's Motion to*

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 Case is:  1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

*Dismiss* (the "Objection") filed contemporaneously herewith, and (b) granting related relief.  In support of this Motion, the Plaintiff respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Plaintiff consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(d), and the Amended Protective Order (defined below).

## BACKGROUND

3.      On February 1, 2024 (the "Petition Date"), the Plaintiff commenced the Chapter 11 Case in this Court.  The Plaintiff is authorized to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner.  Additional information regarding the Plaintiff, its capital structure, and the circumstances leading to the filing of this Chapter 11 Case is set forth in the *Declaration of Timothy R. Pohl, Director, CEO, and Secretary of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* [Bankr. Docket No. 3] (the "First Day Declaration").

2

4.      On February 2, 2024, the Plaintiff initiated an adversary proceeding [Adv. Case No. 24-50013] (the "Initial Adversary Proceeding") in this Chapter 11 Case, initially against Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC, seeking avoidance and recovery of certain fraudulent transfers.

5.      On March 1, 2024, the court entered the *Stipulated Confidentiality Agreement and Agreed Protective Order* [Adv. Case No. 24-50013, Docket No. 50] in the Initial Adversary Proceeding.  On July 28, 2025, the court entered the *Amended Confidentiality Agreement and Protective Order* [Adv. Case No. 24-50013, Docket No. 508] in the Initial Adversary Proceeding (the "Amended Protective Order").

6.      Pursuant to the Amended Protective Order, counsel for any Party (as defined in the Amended Protective Order) may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such document or information constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal, or other information of a nature that can be protected under Bankruptcy Code section 107(b), Federal Rule 26(c), or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party (as defined in the Amended Protective Order) is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

7.      Further pursuant to the Amended Protective Order, counsel for any party may designate a document or information as "Attorneys' Eyes Only" if counsel determines, in good faith, that such document or information also contain highly sensitive trade-secret information or

extremely commercially sensitive business information—the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

8.      On May 5, 2025, the Plaintiff filed the Complaint against OCI Limited and Rupin Banker ("Banker").  [Adv. Case No. 24-50822, Docket No. 1].

9.      On September 5, 2025, Banker filed his Motion to Dismiss [Adv. Case No. 24-50822, Docket No. 39].

10.     Plaintiff has filed the Objection under seal as it includes certain non-public documents and information designated as "Confidential" per the Amended Protective Order.[2]

## RELIEF REQUESTED

11.     By this Motion, the Plaintiff requests entry of the Proposed Order authorizing the filing of portions of the Objection, that derive from information that was designated as "Confidential" per the Amended Protective Order (the "Sealed Material") under seal.  In addition, the Plaintiff requests that the Sealed Material not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to Banker, except as ordered by the Court or otherwise provided for under the Amended Protective Order.

## BASIS FOR RELIEF REQUESTED

12.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

---

[2]   Plaintiff shall file proposed redacted versions of the Objection and Declaration in accordance with Local Rule 9018-1(d).

4

(1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13.     In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

14.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

15.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").  A party seeking the protection of section 107(b) need only demonstrate that the

5

information is "confidential" and "commercial" in nature.  *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

16.     The Sealed Material contains information that was designated as "Confidential" pursuant to the Amended Protective Order.  Therefore, the Plaintiff submits that the Sealed Material falls within section 107(b)(1), good cause exists for the Court to grant the relief requested herein, and approval of this Motion is appropriate.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

17.     To the best of the knowledge, information, and belief of the undersigned counsel to the Plaintiff, the Objection contains information that is subject to the Amended Protective Order. The Plaintiff has provided an unredacted version of the Objection to the Court pursuant to local Rule 9018-1, and has provided an unredacted version of the Objection, on a confidential basis, to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

### NOTICE

18.     The Plaintiff will provide notice of this Motion to: (i) the U.S. Trustee, (ii) Banker alongside service of the Objection and/or the delivery of courtesy copies thereof (as applicable), and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Plaintiff submits that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the

Court (a) enter the Proposed Order authorizing the Plaintiff to file the Sealed Material under seal,

and (b) grant the Plaintiff such other and further relief as is just and proper.

Dated: September 19, 2025
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Benjamin Finestone (admitted *pro hac vice*)
Kate Scherling (admitted *pro hac vice*)
Taylor Jones (admitted *pro hac vice*)
295 Fifth Avenue
New York, New York 10016
Tel.: (212) 849 7000
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
taylorjones@quinnemanuel.com

-and-

Cameron Kelly (*pro hac vice* pending)
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 221-7000
cameronkelly@quinnemanuel.com

*Counsel for the Plaintiff*