# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BYJU'S ALPHA, INC., | ) | |
| | ) | Case No. 24-10140 (BLS) |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | |
| | ) | Adv. Pro. No. 25-50822 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCI LIMITED and | ) | |
| RUPIN BANKER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RUPIN BANKER'S REPLY MEMORANDUM
## IN SUPPORT OF HIS MOTION TO DISMISS

WILKS LAW, LLC
David E. Wilks (Bar No. 2793)
D. Charles Vavala, III (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Tel: 302-225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

*Attorneys for Defendant Rupin Banker*

Dated:  September 26, 2025

## **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................... iii

I.     PRELIMINARY STATEMENT ...............................................................................1

II.    ARGUMENT .............................................................................................................2

       A.   Plaintiff Understates its Burden ................................................................2

       B.   Plaintiff Fails to Establish Jurisdiction Under the Traditional Test ..........................3

           i.   Banker Did Not Purposefully Direct Any Activities at the United States...........3

           ii.   Plaintiff's Injuries Neither Arise Out of Nor Relate to Banker's Contacts with the United States ....................................................................5

           iii.   Banker Did Not Purposefully Direct Any Activities at the United States........6

       C.   Plaintiff Cannot Establish Jurisdiction Under the Effects Test...................8

       D.   OCI Serves as Banker's Corporate Shield .................................................8

       E.   The Court Should Deny Jurisdictional Discovery.......................................9

CONCLUSION................................................................................................................10

ii

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
480 U.S. 102 (1987) .................................................................................................. 7

*BP Chemicals Ltd. v. Formosa Chemical and Fibre Corp.*,
229 F.3d 254 (3d Cir. 2000) .................................................................................. 4, 5

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. at 265 ............................................................................................. 3, 6, 7, 8

*Burlington Indus., Inc. v. Maples Indus., Inc.*,
97 F.3d 1100, 1103 (8th Cir. 1996) ......................................................................... 5

*Calder v. Jones*,
465 U.S. 783 (1984) ............................................................................................... 8, 9

*Dunn v. Barney*,
2024 WL 667366 (Bankr. D. Del. Feb. 16, 2024).................................................. 2, 6

*Gambone v. Lite Rock Drywall,*
288 F. App'x 9, 14 (3d Cir. 2008) ........................................................................... 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 919 (2011) ......................................................................................... 6

*Gov't Emps. Ins. Co. v. Nealey,*
262 F. Supp. 3d 153 (E.D. Pa. 2017).......................................................................... 2

*Grand Ent. Grp., Ltd v. Star Media Sales, Inc.*,
988 F.2d 476, 480 (3d Cir. 1993) ............................................................................. 3

*In re Astropower Liquidating Tr.*,
2006 WL 2850110 (Bankr. D. Del. Oct. 2, 2006) ................................................. 2, 3

*In re DaimlerChrysler AG Secs. Litig.*,
247 F. Supp. 2d 579 (D. Del. 2003) .......................................................................... 9

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*,
2018 WL 4036412 (D. Del. Aug. 21, 2018)............................................................... 3

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) .................................................................................................... 3

*Kyko Global, Inc. v. Bhongir*,
  807 Fed. Appx. 148 (3d Cir. 2020)..................................................................... 4, 5

*Lasala v. Marfin Popular Bank Pub. Co.*,
  410 Fed. Appx. 474 (3d Cir. 2011)......................................................................... 9

*Marten v. Godwin*,
  299 F.3d 290 (3d Cir. 2007) .................................................................................. 2

*Ryan v. Union Mut. Fire Ins. Co.*,
  2011 WL 3666492 (E.D. Pa. Aug. 15, 2011) ........................................................ 7

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
  735 F.2d 61 (3d Cir. 1984) .................................................................................... 2

*Walden v. Fiore*,
  571 U.S. 277 (2014) ........................................................................................... 4, 5

**Rules**

Rule 12(b)(2) of the Federal Rules of Civil Procedure.................................................. 1, 2

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure .......................................... 1

iv

Defendant Rupin Banker respectfully submits this reply memorandum in further support of his motion to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

## I.  PRELIMINARY STATEMENT

Banker's opening brief identified the complaint's deficiencies in its assertions of personal jurisdiction over him.  It was incumbent upon Plaintiff to come forward with definitive bases upon which the Court can exercise jurisdiction over Banker, a resident of the United Kingdom.  Plaintiff instead re-hashed its unsubstantiated claims that Banker knew of and participated in a scheme that is alleged to have been conducted by others.  Plaintiff's stated grounds for personal jurisdiction are limited to activities that courts routinely reject as establishing jurisdiction.  Plaintiff rests its argument entirely on isolated email exchanges, telephone calls, and text exchanges, most of which Banker did not initiate.  Indeed, the complaint does not allege any activities that Banker conducted in the United States, but rather asserts only that he communicated with others in the United States.

Banker's activities were performed solely in his role as an advisor to Defendant OCI, which had entered into a relationship with Debtor in furtherance of the Debtor's sales activities and those of its affiliates.  None of Banker's activities that Plaintiff alleges to establish personal jurisdiction are substantively related to Plaintiff's causes of action against him.  Plaintiff has, therefore, failed to carry its burden of establishing this Court's jurisdiction over Banker and the complaint should be dismissed against him.  Banker also, of course, vigorously denies that he bears any liability to Plaintiff even if this Court did have jurisdiction over him as Plaintiff's allegations against him derive from surmise and speculation.

## II.   ARGUMENT

Banker respectfully submits that Plaintiff has failed to establish this Court's personal jurisdiction over.  Its answering brief misstates the legal standard that the Court is compelled to apply and fails to establish jurisdiction under both the traditional test and the effects test.

### A.   Plaintiff Understates its Burden

"Once a defendant challenges personal jurisdiction under 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence." *Dunn v. Barney*, 2024 WL 667366, at *3 (Bankr. D. Del. Feb. 16, 2024) (citations omitted).  "[T]he plaintiff must do more than submit written materials that create issues of material fact.*"  In re Astropower Liquidating Tr.*, 2006 WL 2850110, at *2 (Bankr. D. Del. Oct. 2, 2006) (citations omitted) ("[t]he overwhelming authority in the Third Circuit establishes that the Plaintiff has a burden of proving by concrete evidence and not merely the allegations in its complaint, that the [] Defendants have the minimum contacts necessary to establish personal jurisdiction."); see also *Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("[P]laintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.").  Plaintiff must "allege 'specific facts' – not vague or conclusory assertions." *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 162 (E.D. Pa. 2017) (citing *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 1984)).

Plaintiff's brief fails to acknowledge that it bears these exacting burdens to establish jurisdiction.  Instead it offers a watered-down legal standard and then sets out to meet it.  Plaintiff cannot meet the requirements amply established by controlling authority, so it simply ignores them.  Because Plaintiff's several alternative arguments in favor of specific jurisdiction over Banker, its claims fail as a matter of law.

2

**B.**  **Plaintiff Fails to Establish Jurisdiction Under the Traditional Test**

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present with the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Furthermore, the litigation must "result[] from [the] alleged injuries that arise out of or relate to" the defendant's contacts with the forum. *Astropower*, 2006 WL 2850110, at *3 (citations omitted).

**i.**  **Banker Did Not Purposefully Direct Any Activities at The United States**

In order for the Court to exercise personal jurisdiction, "the defendant must have purposefully directed its activities at the forum." *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 4036412, at *9 (D. Del. Aug. 21, 2018) (internal quotation marks and citations omitted).

Plaintiff's arguments on this point are both misleading and insufficient to establish jurisdiction. Plaintiff takes the statement of the Third Circuit Court out of context in quoting *Grand Ent. Grp., Ltd v. Star Media Sales, Inc.*, 988 F.2d 476, 480 (3d Cir. 1993). The quote in its entirety reads, "[w]here the contacts evaluated are those that give rise to the litigation, even one contact with the forum may be enough to justify jurisdiction as long as the other criteria are met. Id. (citations omitted). The omitted portion of this quotation is precisely the issue that Plaintiff cannot overcome. Plaintiff has not alleged, and cannot, that Banker's alleged contacts with the United States gave rise to the litigation. The fact that third parties negotiated the terms of the deal in the United States has no bearing on subjecting Banker to jurisdiction within the United States. See *Bristol-Myers Squibb Co.*, 582 U.S. at 265. ("[A] defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction.").

3

Furthermore, contrary to Plaintiff's assertion that Banker initiated the scheme to deprive the Debtor of its assets, the email chains in Plaintiff's exhibits prove that the negotiations and deal terms were dictated by Camshaft's William Morton, not Banker.  See, e.g., Opp. Exhibits 2-4. In fact, Morton's email to Banker appears to pressure Banker into accepting Camshaft's terms. See Exhibit 4 at CAMSHAFT-0018782 ("A successful businessman like yourself would agree that working together is a two-way street, and we understand and respect the process of shopping for the best arrangement. However, that time has been had (per what we have been informed).").

The few instances that Plaintiff does allege that Banker communicated with persons residing in the United States have consistently been held to be of the sort insufficient to establish jurisdiction. "[M]inimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and citations omitted).  Furthermore, the Third Circuit has held that phone calls and emails exchanged with a person residing in the forum is insufficient to show that the defendant specifically aimed their allegedly fraudulent conduct at the forum.  See *Kyko Global, Inc. v. Bhongir*, 807 Fed. Appx. 148, 152 (3d Cir. 2020); *BP Chemicals Ltd. v. Formosa Chemical and Fibre Corp.*, 229 F.3d 254, 262 (3d Cir. 2000) ("[T]elephone calls between the defendant and the vendor, numbering at least one hundred . . . are insufficient, alone, to confer personal jurisdiction.").

Despite Plaintiff's attempts to distinguish it, *Walden* specifically stands for the proposition that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. (citations omitted). Plaintiff has included as Exhibits numerous email communications in which Banker is merely listed as a recipient but never

participated in.  Those exhibits amply demonstrate that Plaintiff attempts to use the unilateral actions of Plaintiff and third parties to justify the assertion of jurisdiction over Banker.  That attempt is unavailing, as "[t]he unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.*

Plaintiff contends that the *Kyko* court declined to find personal jurisdiction based on a lack of nexus between the defendant's contacts with a person within the forum and the tortious conduct giving rise to the plaintiff's claims. Opp. at 14.  Banker agrees, and the same issue is present here. Plaintiff cannot provide any specific allegations that Banker's few communications with persons in the United States gave rise to Plaintiff's claim.

Plaintiff likewise contends that Banker's citation to *BP Chemicals* is misleading.  But the Third Circuit explicitly stated in *BP Chemicals* that it "finds substantial support for" its holding in *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996).  *BP Chemicals Ltd.*, 229 F.3d at 262.  Contrary to Plaintiff's arguments, in *Burlington*, the Court indeed found "that [Defendant] has insufficient contacts to support a finding of specific jurisdiction." *Burlington*, 97 F.3d at 1103. The Eighth Circuit particularly noted that "[t]elephone calls – numbering at least 100 – between [Defendant] and [Plaintiff] . . . are insufficient, alone, to confer personal jurisdiction." *Id*.  (citations omitted).

Accordingly, neither Plaintiff's factual assertions nor the law on which it relies serve to establish this Court's jurisdiction over Banker.  Dismissal is, therefore, appropriate.

    **ii.**    **Plaintiff's Injuries Neither Arise Out of Nor Relate to Banker's Contacts with The United States**

Plaintiff largely ignores that specific jurisdiction may not be based on a defendant's United States contacts unrelated to Plaintiff's claims. See *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (citations omitted).

Plaintiff argues that Banker has "tacitly concede[d]" that his contacts with the United States were designed to facilitate the Transfers in question. Opp. at 16. Not so. The email chains in Plaintiff's exhibits were almost always initiated by persons other than Banker and not associated with OCI at all. See, e.g., Opp. Exhibits 1-4, 6, 7-8, 10, 13-15, etc. Instead of offering any allegations of Banker's conduct in the United States that gives rise to the claims against him, Plaintiff resorts to conclusory statements that "Banker's actions aided and abetted Ravindran's breach of his fiduciary duties as the Debtor's director and officer (Count II), T&L's breach of its fiduciary duties as the Debtor's ultimate corporate parent with exclusive control and authority over the Debtor (Count III), and Camshaft's breach of its fiduciary duties to its limited partners, including the Debtor (Count IV). Such conclusory statements fall well short of the "burden of establishing personal jurisdiction by a preponderance of the evidence." *Dunn*, 2024 WL 667366, at *3. (citations omitted). Plaintiff cannot establish a connection between Banker's extremely limited contacts with the United States and the litigation at hand and Plaintiff makes no attempt to do so.

    **iii.**     **Exercise Of Jurisdiction Over Banker Would Be Unreasonable**

If and only if a plaintiff meets its burden of establishing minimum contacts, "the burden shifts to the defendant to demonstrate that exercising jurisdiction would violate the principles of fair play and substantial justice." *Ryan v. Union Mut. Fire Ins. Co.*, 2011 WL 3666492, at *5 (E.D. Pa. Aug. 15, 2011). "The reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* "In determining whether personal jurisdiction is present, a court must consider a variety of interest . . . . But the primary concern is the burden on the defendant." *Bristol-Myers Squibb Co.*, 582 U.S. at 263. (internal quotation marks and citations omitted). "Assessing this burden obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Id.*

As explained above, Plaintiff's allegations of minimum contacts are extremely weak and therefore Mr. Banker need not show much unreasonableness to warrant dismissal. See *Ryan*, 2011 WL 3666492, at *5. Nonetheless, it would offend traditional notions of fair play and substantial justice to subject Banker to suit in Delaware. See *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 116 (1987). The burden on Banker including travel costs, discovery obligations and legal fees in a jurisdiction foreign to him would be substantial. The Supreme Court has noted that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi,* 480 U.S. at 114. Plaintiff ignores that clear policy.

The Supreme Court has also held that even in cases when, as Plaintiff asserts here without substantiation, "the defendant would suffer minimal or no inconvenience from being forced to

7

litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause . . . may sometimes act to divest the State of its power to render a valid judgment." *Bristol-Myers Squibb Co.*, 582 U.S. at 263. (citations omitted).  It would be blatantly unreasonable to force a foreign defendant to defend himself in a court of the United States based on the deficient contacts Plaintiff alleges.

**C.    Plaintiff Cannot Establish Personal Jurisdiction Under The Effects Test**

Jurisdiction cannot properly be found under the *Calder* court's "effects test."  That test requires Plaintiff to demonstrate:

> First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.

*Gambone v. Lite Rock Drywall,* 288 F. App'x 9, 14 (3d Cir. 2008).

Here, the complaint lacks sufficient allegations to satisfy any of the three prongs of the *Calder* test.  Plaintiff merely states in conclusory fashion that Banker committed the intentional tort of aiding and abetting breach of fiduciary duty.  Opp. at 19.  More importantly, Plaintiff fails to allege any "expressly aimed" conduct on the part of Banker.  As established above, the few contacts Plaintiff alleges that Banker had with parties in the United States are insufficient as a matter of law to establish that he "expressly aimed" his conduct at the United States.  The wide majority of the contacts were initiated by persons other than Banker.  Furthermore, *Calder* expressly precludes judging an employee's contacts with the forum based on his employer's activities there.  *Calder*, 465 U.S. at 790.

**D.    OCI Serves as Banker's Corporate Shield**

While the Supreme Court stated in Calder that status as an employee does not insulate one from jurisdiction, the Court also found that "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at 790.  The Supreme Court explicitly stated that the petitioners' "contacts with California are not to be judged according to their employer's activities there."  *Id.*

Thus, the argument stands that asserting jurisdiction over Banker on the basis of his actions on behalf of OCI Limited is improper.  Banker does not assert, as Plaintiff claims, that the fiduciary shield doctrine applies in this case.  Rather *In re DaimlerChrysler* stands for the proposition that "[c]ourts applying *Calder* have concluded that where a board member's only contact with the forum has been in the scope of his corporate capacity, the individual's contact is insufficient to support the exercise of personal jurisdiction." *In re DaimlerChrysler AG Sec. Litig.*, 247 F. Supp. 2d 579, 587 (D. Del. 2003).  Thus, Plaintiff's unfounded allegations that Banker is a member of OCI's senior leadership team cannot be used to assert jurisdiction over him.  Here, just as in *DaimlerChrysler*, "Plaintiff[] [has] not proffered any evidence that [Mr. Banker] acted in an individual capacity and/or availed himself as an individual of the privileges of the United States, and . . . Plaintiff['s] attempt to suggest otherwise [is] beyond the actual evidence and any reasonable inferences to be drawn therefrom." *Id.* at 588.

### E.    The Court Should Deny Jurisdictional Discovery

"As a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is clearly frivolous." *Lasala v. Marfin Popular Bank Pub. Co.*, 410 Fed. Appx. 474, 478 (3d Cir. 2011). (citations omitted).  "In order to demonstrate that the claim is not clearly frivolous, the plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." Id. (internal quotations

9

and citations omitted) (alterations omitted).  The Third Circuit "has cautioned against allowing jurisdictional discovery to serve as a fishing expedition based only upon bare allegation, under the guise of jurisdictional discovery."  Id. (internal quotations and citations omitted).

Plaintiff's Answering Brief cannot be described as anything other than a fishing expedition. Plaintiff has failed to assert facts that confer the minimum contacts necessary to assert jurisdiction over Banker.  That is because no such facts exist.  Banker simply does not have the requisite contacts with the United States that empowers this Court to exercise jurisdiction over him.  No amount of jurisdictional discovery can change that, so it should be denied.

## CONCLUSION

Plaintiff has not met its burden to establish that this Court may exercise personal jurisdiction over Banker.  Banker is not subject to the Court's general or specific jurisdiction, and it would impose a substantial burden on Mr. Banker to subject him to suit here.  Therefore, Banker respectfully submits that this action should be dismissed.

Dated: September 26, 2025          WILKS LAW, LLC

*/s/ David E. Wilks*
David E. Wilks (Bar No. 2793)
D. Charles Vavala, III (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: 302-225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

*Counsel for Defendant Rupin Banker*