**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | ) |
| | ) Case No. 24-10140 (BLS) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) |
| Plaintiff, | ) |
| | ) |
| GLAS TRUST COMPANY, LLC, | ) |
| | ) |
| Intervenor-Plaintiff, | ) Adv. Pro. No. 25-50822 (BLS) |
| | ) |
| v. | ) |
| | ) |
| OCI LIMITED and RUPIN BANKER | ) **Hearing Date: Nov. 26, 2025 at 10:30 a.m. (ET)** |
| | ) **Obj. Deadline: Nov. 21, 2025 at 4:00 p.m. (ET)** |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT RUPIN BANKER'S OBJECTIONS TO:**

**DEBTOR'S MOTION, PURSUANT TO SECTION 107(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN CONFIDENTIAL INFORMATION INCLUDED IN DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND AGREEMENT BETWEEN THE DEBTOR, GLAS TRUST COMPANY LLC, AND OCI LIMITED [D.I. 530, ADV. D.I. 52]**

**DEBTOR'S MOTION FOR AN ORDER APPROVING COMPROMISE AND AGREEMENT BETWEEN THE DEBTOR, GLAS TRUST COMPANY LLC, AND OCI LIMITED [D.I. 526 (SEALED), D.I. 527 (REDACTED), ADV. D.I. 49 (SEALED), ADV. D.I. 50 (REDACTED)]**

Defendant Rupin Banker ("Mr. Banker"), by and through his counsel, files these

Objections to BYJU'S Alpha, Inc.'s (the "Debtor") Motion, Pursuant to Section 107(b) of the

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Bankruptcy Code and Bankruptcy Rule 9018, for Entry of an Order Authorizing the Filing Under Seal of Certain Confidential Information Included In Debtor's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Agreement Between the Debtor, GLAS Trust Company LLC, and OCI Limited [D.I. 530, Adv. D.I. 52] (the "Motion to Seal"), and Debtor's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Agreement Between the Debtor, GLAS Trust Company LLC, and OCI Limited [D.I. 526 (sealed), D.I. 527 (redacted), Adv. D.I. 49 (sealed), Adv. D.I. 50 (redacted)] (the "9019 Motion" and together the "Motions") as set forth in the adversary proceeding captioned, *BYJU's Alpha, Inc. v. OCI Ltd.*, Adv. No. 25-50822 (Bankr. D. Del.) (the "Adversary Proceeding").   In support of these Objections, Mr. Banker states as follows:

## I.      Introduction

Mr. Banker respectfully submits these Objections to the Motion to Seal and the 9019 Motion. Mr. Banker's participation is compelled solely to protect his procedural due-process rights. Nothing in this filing should be construed as a submission to the Court's jurisdiction. He expressly preserves and does not waive any defenses available under Rule 12(b) and as set forth in his pending motion to dismiss under Rules 12(b)(2) and (6).

The Settlement that Debtor seeks to approve has been negotiated without Mr. Banker's participation, remains sealed, and was noticed on shortened time. Therefore, Mr. Banker cannot determine whether the Settlement contains factual assertions, releases, allocation provisions, or other terms that may prejudice his defenses in this adversary proceeding. Worse, the notice that Debtor provided Mr. Banker of the Motions and associated hearing is entirely silent on the Settlement's terms and indeed fails to establish or even allege any urgency or basis for expedition. Consequently, Debtor's notice is constitutionally-defective under the Due Process Clause, and Mr.

2

Case 25-50822-BLS    Doc 55    Filed 11/21/25    Page 3 of 13


Banker requests for this Court to permit Mr. Banker's counsel to review the Settlement's terms.[2] Approving a sealed settlement agreement that may directly affect Mr. Banker's rights—without providing Mr. Banker meaningful notice or access—raises serious due-process concerns.

## II. Jurisdiction and Standing

1.      This Court has jurisdiction to hear this Objection pursuant to Bankruptcy Rule 9019(a). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Mr. Banker would be the remaining defendant in the adversary proceeding in which Debtor alleges that Mr. Banker is liable for the conduct that serves as the backdrop of the proposed settlement with OCI. Because the settlement remains sealed, the Debtor's supporting motion contains factual assertions adverse to Mr. Banker, and approval of the settlement may alter or impair Mr. Banker's legal rights in the adversary proceeding. Mr. Banker's Procedural Due Process rights are directly and adversely affected by Debtor's requested relief. On that basis, and in addition to Mr. Banker's general right to inspect judicial records and documents, Mr. Banker asserts that he has standing as a party whose rights may be impacted by the proposed compromise. Therefore, Mr. Banker expressly preserves all legal arguments regarding standing, and will address them fully in the Argument section below.

## III. Factual Background

3.      On May 5, 2025, Debtor initiated this Adversary Proceeding against OCI Limited and Rupin Banker [D.I. 372]. As set forth in greater detail in the Complaint [Adv. D.I. 1], Debtor asserted that Mr. Banker is "a structuring advisor and member of the senior leadership team of

---

[2] Counsel has requested that the Debtor provide the sealed documents, even on an attorneys-eyes-only basis to enable counsel to evaluate Mr. Banker's rights.  The Debtor ignored that and similar requests and has offered no justification for its refusal to permit counsel to see the documents at the center of the 9019 Motion.

OCI" who allegedly aided and abetted Camshaft Capital Management, Think & Learn Private Ltd., and Riju Ravindran in breaches of their fiduciary duties. [*Id.* at ¶ 19].

4.      Glas Trust Company LLC ("GLAS") filed a motion to intervene as a plaintiff on May 27, 2025, which the Court granted on July 8, 2025.

5.      On Saturday, November 15 2025, Debtor made numerous filings with the Court including *Debtor's Motion Pursuant to Bankruptcy Rule 9019 For Entry of an Order Approving Compromise and Agreement Between the Debtor, Glas Trust Company LLC and OCI Limited* (the "9019 Motion") [D.I. 526 (sealed), Adv. D.I. 49 (sealed), Adv. D.I. 50 (redacted)], the *Motion to Shorten Notice and Objection Periods For, and Schedule an Expedited Hearing on [the 9019 Motion]* [D.I. 528]  (the "Motion to Shorten"), and the *Motion to File Under Seal Certain Confidential Information Included in Debtor's Motion Pursuant to Bankruptcy Rule 9019* [D.I. 529] (the "Motion to Seal").

6.      In its Motion to Seal, Debtor maintained that "the Debtor and OCCI [sic] have agreed to the terms of the Settlement which are described in the 9019 Motion." *See* Motion to Seal at 2–3. The 9019 Motion, however, did not describe any of the Settlement's terms, and the Settlement attached at Exhibit I was completely under seal.

7.      Furthermore, Debtor asserted in its Motion to Seal that "[c]ertain terms of the Settlement are confidential [], and as part of its agreement to the Settlement, OCI requires that the Confidential Information be kept under seal." *See* Motion to Seal at 3. Debtor reasoned that this confidential information fell under § 107(b)(1)'s commercial information exception. Debtor further claimed that it had met the commercial information exception because the confidential information was "non-public information that represents the settlement terms[,]" and "with

litigation pending with numerous other parties . . . disclosure of the Confidential Information would place the Debtor at a disadvantage in such litigation." *See id.* at 5.

8.      As part of the 9019 Motion, Debtor acknowledged that it would provide notice of the motion and hearing to Mr. Banker's counsel pursuant to Bankruptcy Rule 2002. *See* The 9019 Motion at 8.

9.      On Monday, November 18, 2025, the Court granted Debtor's Motion to Shorten. [D.I. 530, Adv. D.I. 53]. Later that day, Debtors filed its *Notice of Motions and Hearing*. [D.I. 531, Adv. D.I. 54]. The Notice contained no description of the proposed settlement agreement's terms. Instead, the Notice simply stated the name of the motions Debtor filed and that a hearing for the motions' approval was set for Wednesday, November 26, 2025.

10.      Mr. Banker and his counsel were immediately alarmed by the claims made by Debtor in the 9019 Motion and Mr. Chapman in his declaration. Rather than explaining the Settlement Agreement's terms and whether they affected the rights of other non-settling parties, the 9019 Motion set forth a detailed narrative of demonstrably false allegations against Mr. Banker.[3] *See* 9019 Motion at 2–4; Chapman Aff. Considering how the alleged facts appeared to be the only consideration for the Settlement, Mr. Banker is unable to understand whether and how the Settlement implicated his legal rights. Heightening his concern was the seemingly-deliberate secrecy and needless expedition pervading the entire Settlement Agreement. Neither Debtor's notice nor the 9019 Motion expounded on the Settlement's terms. This concern was compounded by the unsupported expedited procedure that Debtor sought for the Settlement's approval.  In sum,

---

[3] Should this matter proceed against Mr. Banker following adjudication of his pending motion to dismiss, the evidence will establish that it was in fact only Mr. Chapman, OCI's sole owner and sole authorized signatory on OCI's bank accounts, who richly benefitted from the transactions at issue in these proceedings.

with the Settlement's terms completely under seal and with no assurance that his legal rights were unaffected, Mr. Banker can only assume the worst.

11.　　After the 9019 Motion's filing, Mr. Banker's counsel made repeated good-faith requests to Debtor's counsel seeking to review the Settlement Agreement. Those requests were largely met with silence. Eventually Debtor's counsel vaguely represented that the Settlement contained no bar orders and that the factual allegations made in the 9019 motion would be inadmissible later under FRE 408. But when Mr. Banker's counsel requested to review the Settlement on an "attorneys' eyes-only basis," Debtor's counsel ignored him.

12.　　In light of these facts and the unexplained secrecy pervading the Settlement, Mr. Banker is left with no choice but to object to Motion to Seal and the 9019 Motion.  Mr. Banker respectfully requests that the Court either: (1) deny the Motion to Seal and defer a ruling on the 9019 Motion; (2) deny the 9019 Motion or, at least; (3) defer a ruling until such time as the Debtor makes the sealed filings available to Mr. Banker and/or his counsel.  This matter can then be properly evaluated in an orderly and non-prejudicial manner.

### IV.　Legal Argument

*A.　The Court Should Deny Debtor's Motion to Seal and Defer a Ruling on the 9019 Motion to Allow Mr. Banker's Counsel to Review the Settlement Agreement's Terms.*

13.　　Having been deprived of a meaningful opportunity to review the Settlement and its impact on Mr. Banker's legal rights, Mr. Banker requests for this Court to deny Debtor's Motion to Seal and defer a ruling on the 9019 Motion until Mr. Banker's counsel can review the Settlement's terms.

　　　　a.　Mr. Banker Has Standing to Object to the Motion to Seal.

14.    "[T]here is a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). As the non-settling co-defendant in this Adversary Proceeding, Mr. Banker shares in this general right. *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 70 (Bankr. D. Del. 2006) (granting a third party standing to intervene seeking to challenge seal orders under Section 107 of the Bankruptcy Code); *In re Kwok*, 2025 WL 368519, at *3–4 (Bankr. D. Conn. Feb. 3, 2025) (granting the objecting party standing "[r]egardless of whether [the objecting party] has standing to object to the merits of the Motion to Compromise"). Therefore, as a member of the public and pursuant to his general right to inspect judicial records, Mr. Banker has standing to object to Debtor's Motion to Seal.

> b.    <u>The Court Should Deny Debtor's Motion to Seal Because Debtor Has Not Proven that the Confidential Information Falls Under the Commercial Information Exception Encoded at Section 107(b)(1).</u>

15.    The Court should deny Debtor's Motion to Seal the confidential information within the Debtor's 9019 Motion. This information does not qualify as "commercial information" under § 107(b)(1) for two reasons. First, Debtor has failed to explain how the confidential information's public disclosure would create an unfair commercial advantage to Debtor or OCI's competitors. Second Debtor's attempt to maintain leverage in this litigation by placing the information under seal is insufficient in the face of the public's interests.

16.    Pursuant to § 107(b)(1), "[c]ommercial information is information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Alterra Healthcare Corp.*, 353 B.R. at *75 (internal citation omitted). Furthermore, for a court to seal information in a sealed settlement agreement, that information

must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Id.* at *76.

17.    In Debtor's Motion to Seal, Debtor provides no explanation as to how the confidential information relates to Debtor and OCI's commercial operations. Additionally, Debtor has neglected to describe why the confidential information it seeks to seal would unfairly benefit Debtor's or OCI's competitors. These unanswered questions alone can compel the Court to deny Debtor's Motion to Seal. *See id.* (denying a motion to seal terms of a settlement agreement because the terms did not relate to the movant's commercial operations nor did they provide an unfair advantage to the movant's competitors).

18.    An argument that revealing a settlement's terms would place a settling party at a strategic disadvantage is a "wan excuse for impinging on the public's right of access to judicial documents." *See Geltzer v. Andersen Worldwide, S.C.*, 2007 WL 273526, at *4 (S.D.N.Y. Jan. 30, 2007) (determining that the movant did not meet the commercial information exception standard). In *Geltzer*, a trustee sought approval of a 9019 settlement agreement wherein the settlement agreement's amount was filed under seal. The trustee argued that the § 107(b)(1)'s commercial information exception justified this sealing because public disclosure "would enable other claimants against [the defendant] to determine how much [the defendant] is currently willing, and able, to pay in respect of the Trustee's claim, thereby potentially undercutting negotiating leverage with such claimants." *Id.*   Noting that filing a settlement amount under seal was "hardly an insignificant omission[,]" the District Court for the Southern District of New York rejected this argument. *Id.* at *2. It reasoned that the public interest was not served by protecting the defendant's leverage, and the amount of the settlement is "a critical factor in the ability of the public to monitor the appropriateness of the Court's decision [to approve the settlement]." *Id.* at *4. *See also In re*

8

*Iridium Operating LLC*, 478 F.3d 452, 461–462 (2d Cir. 2007) ("The clear purpose of Rule 9019 is to prevent the making of concealed agreements which are unknown to creditors and unevaluated by the court.").

19.     This Court now faces a similar situation. The confidential information that Debtor seeks to seal mirrors the settlement amount in *Geltzer*, and this Court should accordingly deny Debtor's Motion to Seal. Like the trustee there, Debtor's only justification for sealing the confidential information under the Section 107(b)(1) commercial information exception is that public disclosure "would place the Debtor at a disadvantage" in the Adversary Proceeding. Mot. to Seal at 5. As the *Geltzer* court explained, this justification does not serve the public's interest and cannot support a sealed filing. Worse, the confidential information that Debtor seeks to seal goes beyond just the Settlement amount. Rather, it purports to encompass the entire settlement agreement, and Mr. Banker cannot meaningfully object to the settlement's approval if he is not provided with *any* of the Settlement's terms.

20.     Mr. Banker therefore respectfully requests for this Court to deny Defendant's Motion to seal and defer a ruling on the 9019 Motion until his counsel can determine whether the Settlement affects Mr. Banker's legal rights. *See Moses v. Howard Univ. Hosp.*, 601 F.Supp.2d 1, 4 n.4 (D.D.C. 2009) (explaining how a bankruptcy court issued a continuance for a 9019 settlement's approval when other rulings on the matter were pending).

   B.  *The Court Should Deny Debtor's 9019 Motion Because Debtor's Notice to Mr. Banker Fails to Comport With His Procedural Due Process Rights.*

         a.   Mr. Banker Has Standing to Object to the Settlement Agreement.

21.     In the alternative to a deferred ruling, Mr. Banker respectfully submits that he has standing to object to the 9019 Motion because, as a non-settling co-defendant, the Settlement Agreement purports to strip him of his legal claim for indemnity and contribution against OCI.

22.     "[A] non-settling defendant has standing to object to a partial settlement which purports to strip it of a legal claim . . . for indemnity or contribution." *See Wallace v. Powell*, 288 F.R.D. 347, 372 (M.D. Pa. 2012) (citing *In re School Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990)); *Waller v. Fin. Corp. of America*, 828 F.2d 578, 583 (9th Cir. 1995) ("There is consensus that a non-settling defendant has standing to object to a partial settlement which purports to strip it of a legal claim or cause of action."); *In re RFE Indus., Inc.*, 283 F.3d 159, 163-164 (3d Cir. 2002) (explaining that a party "clearly adversely affected" by a settlement has standing to object to it, even as a non-settling party).

23.     In *Asbestos Litigation*, two non-settling co-defendants appealed a district court's approval of a settlement agreement arguing that the settlement barred them from pursuing claims for contribution or indemnity against the settling co-defendant. *Asbestos Litig.*, 921 F.2d at 1132. Rejecting this argument, the Third Circuit found that the non-settling co-defendants lacked standing. The court reasoned that (1) the settlement agreement explicitly permitted the non-settling co-defendants to reduce the judgment against them by the settling defendant's percentage of fault; and (2) the proposed order approving the settlement "contain[ed] no ruling purporting to limit any claims non-settling defendants may have." *Id.* at 1333.

24.     Mr. Banker's inability to independently confirm that his contribution rights are preserved under the Settlement makes the instant case distinguishable from *Asbestos Litigation*. It is true that the 9019 Motion does not contain any explicit limitations on Mr. Banker's future claims against OCI. *See* 9019 Motion at 2 (granting the Court exclusive jurisdiction to hear claims against OCI or Chapman arising from the Adversary Proceeding or Settlement). However, the first critical factor to the *Asbestos* Court is absent here. Unlike the non-settling *Asbestos* defendants who could review the compromise, Mr. Banker was not afforded that luxury. When he is denied an

10

opportunity to determine whether the Settlement has adversely affected his contribution rights, Mr.

Banker is "adversely affected" by it. Further, it is not far-fetched for one in Mr. Banker's position

to believe that a settlement "purports" to harm his legal rights when it is: (1) sealed; (2) on

shortened notice; and (3) comprised of numerous false allegations levied against him.

> C.    *Mr. Banker's Notice of the Hearing Was Constitutionally Insufficient and The Court Should Deny the 9019 Motion and Unseal The Settlement Agreement's Terms.*

25.    The procedures used to obtain the Settlement's approval have deprived Mr. Banker

of his procedural due process right to notice.

26.    "[J]udges must carefully examine settlement agreements" to ensure that they are

"fair and equitable" to the parties that do not settle. See *In re Nutraquest, Inc.*, 434 F.3d 639, 643

(3d. Cir. 2006) ("Under the 'fair and equitable' standard, we look to the fairness of the settlement

to other persons, i.e., the parties who did not settle."); *TMT Trailer v. Anderson*, 390 U.S. 414, 435

(1968) (finding error in the approval of a compromise because "this Court has held that a plan of

reorganization which is unfair to some persons may not be approved by the court."); *In re Miami

Metals I, Inc.*, 603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019) (reiterating that the bankruptcy court's

review of a proposed settlement agreement must account for the interests of non-settling parties).

27.    As part of such an analysis, the Due Process Clause requires "the best notice

practical under the circumstances," and notice must be reasonably calculated to apprise the parties

of the terms of a proposed settlement." *See In re Drexel Burnham Lambert Grp.*, 995 F.2d 1138,

1144 (2d Cir. 1993).  While due process does not require a notice for a settlement approval hearing

to include a "detailed description of each item" in the agreement, courts have found that a

description of the settlement in "general terms" is sufficient to satisfy procedural due process. *Id.*

In *Drexel*, the Second Circuit answered whether notice of a hearing to approve a settlement

11

agreement comported with due process when it included a broadly-worded description of the settlement's terms. *Id.* at 1144-1145. The court found no constitutional deficiency, reasoning that "[n]otice may satisfy due process without setting forth verbatim the full text of a proposed settlement; it may describe the settlement in general terms." *Id.* at 1145. See also *In re Nationwide Sports Distrb.*, 227 B.R. 455, 458 n.1 (Bankr. E.D. Pa. 1998) (finding no procedural due process violation where the notice described "two of the most salient terms").

28.    Mr. Banker has not been apprised of *any* of proposed settlement's terms and as a result, Debtor's notice is constitutionally insufficient under the Due Process Clause. The notice provided in the instant case is far less adequate than that in *Drexel* and *Nationwide Sports*. To be clear, the "Notice of Motions and Hearing" provided by Debtor contains no description of the settlement agreement's terms whatsoever. There is no general description of terms, and there is certainly no description of the settlement's salient terms. This procedural defect is compounded by the shortened notice period, the fact that the settlement agreement is sealed, and that Mr. Banker is personally named in Debtor and OCI's motion to approve the settlement. Thus, Debtor has deprived Mr. Banker of the notice necessary for him to determine whether the settlement agreement affects his legal rights and whether he can or should object.

## V.    Conclusion

29.    Mr. Banker opposes the Motion to Seal because the confidential information that Debtor seeks to seal should be a matter of public record under Section 107(a). Additionally, Mr. Banker objects to the Settlement's approval because the procedures used in obtaining such approval are so procedurally flawed that they fail to comport with the Due Process Clause. The 9019 Motion and Debtor's notice to Mr. Banker have not disclosed a single term in the Settlement, and Mr. Banker is forced blindly to accept his adversaries' argument that his legal rights would

remain intact upon the Settlement's approval. For this reason, the Court should deny Debtor's Motion to Seal and Debtor's 9019 Motion.

WHEREFORE, Mr. Banker respectfully requests that the Court deny the Motion to Seal, deny the 9019 Motion or at least defer ruling until such time as Mr. Banker is given a legitimate opportunity to evaluate his rights and for such relief at law and equity as this Honorable Court may deem proper.

Respectfully submitted,

DATED: November 21, 2025

WILKS LAW, LLC

/s/David Wilks
David Wilks (DE Bar No. 2793)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
(302) 225-0858
dwilks@wilks.law

*Attorney for Rupin Banker*