# EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| GLAS TRUST COMPANY LLC, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | Adv. Pro. No. 25-50822 (BLS) |
| | ) | |
| v. | ) | |
| | ) | |
| OCI LIMITED and RUPIN BANKER | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER APPROVING COMPROMISE AND AGREEMENT
## AMONG THE DEBTOR, GLAS TRUST COMPANY LLC, AND OCI LIMITED

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving a settlement (the "Settlement") among the Debtor, GLAS Trust Company LLC (solely in its capacity as Administrative Agent and as Collateral Agent under a Credit and Guaranty Agreement dated as of November 24, 2021 with the Debor and others) ("GLAS"), and OCI Limited ("OCI") in full and final satisfaction of the Debtor's and GLAS's claims against OCI (but, for the avoidance of doubt, not Rupin Banker) as set forth in the adversary proceeding titled *BYJU's Alpha, Inc. v. OCI Ltd. & Rupin Banker*, Adv.

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

33751606.7

No. 25-50822 (Bankr. D. Del.) (the "Adversary Proceeding"); and the Court finding that the Settlement is fair and reasonable; and the Court finding the Settlement satisfies the standards for approval of a compromise under Rule 9019 of the Federal Rules of Bankruptcy Procedure and applicable decisional case law; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, and its creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Settlement, the terms of which are set forth in the agreement attached hereto as Exhibit I, is hereby **APPROVED** in full and final settlement of the claims asserted against OCI in the Adversary Proceeding.

3. For the avoidance of doubt, (A) no provision of the Settlement shall impact any rights or obligations of Rupin Banker, and (B) the Declaration of Oliver Philip Chapman, attached as Exhibit B to the Motion, was offered by the Debtor as evidence in support of and was considered solely for the purposes of the Motion and was not offered or received for the purposes of proving claims against Rupin Banker in this Adversary Proceeding.

4. As set forth in this Court's *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 517], this Court shall have exclusive jurisdiction with respect to any claim, cause of action,

proceeding, or motion against OCI or Oliver Chapman arising out of, or relating to, the subject matter of the Adversary Proceeding or the Settlement.

5. Without affecting the finality of this Order, this Court shall retain continuing jurisdiction (a) with respect to any and all matters arising from or related to the implementation of this Order and (b) to construe, enforce, and administer this Order.

33751606.7