**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Byju's Alpha, Inc.,<br><br><br>Debtor. | Chapter 11<br><br><br><br>Case No. 24-10140 (BLS) |
| Byju's Alpha, Inc.,<br><br><br>Plaintiff,<br>v.<br><br>OCI Limited and Rupin Banker,<br><br><br>Defendants. | <br><br><br><br><br><br>Adv. Pro. No. 25-50822 (BLS) |

**<u>MEMORANDUM ORDER</u>**

Before the Court are the Motion to Dismiss filed by Rupin Banker (the "Defendant")[1] and the Opposition to Defendant's Motion to Dismiss filed by BYJU's Alpha, Inc. (the "Debtor") and GLAS Trust Company LLC ("GLAS," and together with the Debtor, the "Plaintiffs").[2] Plaintiffs also request jurisdictional discovery if "the Court is not ready to exercise personal jurisdiction at this stage[.]"[3] For the reasons provided below, the Court GRANTS Plaintiffs' request for jurisdictional discovery and holds in abeyance the Motion to Dismiss until further jurisdictional discovery is taken.

---

[1] Adv. D.I. 39, 40.
[2] Adv. D.I. 43, 45.
[3] Adv. D.I. 45.

By Defendant's Motion to Dismiss, he seeks dismissal of the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. In assessing personal jurisdiction over a non-resident defendant, courts undertake a two-step analysis. First, the Court analyzes the long-arm statute of the state in which the Court sits. *See Asahi Metal Industry Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 106 (1987). Then, the Court determines whether exercising jurisdiction over the defendant comports with constitutional principles of due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Case law teaches that the burden of establishing sufficient minimum between the defendant and the forum rests with the plaintiff. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). Satisfying this burden requires the plaintiff to plead sufficient material facts supporting the exercise of jurisdiction. And, "[i]t is well-accepted that a qualified right to jurisdictional discovery exists[]" to aid plaintiffs in meeting this burden. *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1144 (S.D. Fla. 2007). If this were not the case, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction" could be defeated by a defendant "withholding information on its contacts with the forum." *Id.* (internal quotation marks omitted).

The standard for permitting jurisdictional discovery varies, but in the Third Circuit, courts "allow[] jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Polar Electro Oy v. Suunto Oy*, No. CV 11-1100-GMS, 2014 WL 12908723 (D. Del. Sept. 15, 2014) (quoting *Devicor Med. Prods., Inc. v. Biopsy Sci., LLC*, 2013 WL 486638, at *5 n.10 (D. Del. Feb. 7, 2013)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum

state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotation marks omitted).

"In analyzing a plaintiff's jurisdictional claim, the claim is not clearly frivolous if the plaintiff has stated with reasonable particularity the basis for jurisdiction, and the court is satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. CIVA 09-022-SLR/MPT, 2009 WL 5184350, at *4 (D. Del. Dec. 23, 2009), *report and recommendation adopted as modified*, No. CIV. 09-22-SLR/MPT, 2010 WL 1337621 (D. Del. Mar. 31, 2010) (cleaned up). Here, the complaint contains allegations of sufficient particularly that the Court can determine the claim is not clearly frivolous. Yet, it lacks sufficient detail for the Court to make a well-informed decision on the jurisdictional question. Therefore, the Court will permit jurisdictional discovery.

In this district, courts have dealt procedurally with jurisdictional discovery requests made in connection with a pending motion to dismiss in two ways.[4] Upon a review of the caselaw and relevant treatises,[5] the Court concludes that holding the Motion to Dismiss in abeyance is the preferred approach.

---

[4] *Compare Polar Electro Oy v. Suunto Oy*, No. CV 11-1100-GMS, 2014 WL 12908723 (D. Del. Sept. 15, 2014) (holding motion to dismiss in abeyance pending further jurisdictional discovery), *Gannett Satellite Info. Network, Inc. v. Off. Media Network, Inc.*, No. CIV.A. 08-96-GMS, 2009 WL 3425960 (D. Del. Oct. 23, 2009) (same), *and Marnavi SpA v. Keehan*, No. CIV. 08-00389-SLRLPS, 2010 WL 1499583 (D. Del. Apr. 14, 2010) (deferring disposition of the motion to dismiss until jurisdictional discovery is completed) *with Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-CV-2144-RGA, 2020 WL 3206555 (D. Del. June 15, 2020) (dismissing motion to stay, dismiss, or transfer without prejudice to renewal once jurisdictional discovery is completed), *and Iovate Health Scis., U.S.A., Inc. v. WellNx Life Scis. Inc.*, No. CV 07-286-JJF, 2008 WL 11515850, at *1 (D. Del. Apr. 23, 2008) (denying motion to dismiss with leave to renew following the completion of jurisdictional discovery).

[5] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (4th ed.) ("When a federal court is considering a challenge to its jurisdiction over a defendant or over some form of property, the district judge has considerable procedural leeway in choosing a methodology for deciding the motion. The court may receive and weigh the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts. In particularly complex cases, it may be desirable to hold rendering a decision on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in abeyance . . .").

Accordingly, Defendant's Motion to Dismiss is held in abeyance pending completion of jurisdictional discovery and Plaintiffs' request for jurisdictional discovery is granted. The parties should confer and schedule a status conference with the Court via Zoom to occur in the next thirty days.

IT IS SO ORDERED this 18th day of June 2026.

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

4